IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARRAKHAN BEY, #153770
        Plaintiff       :

        v.       :   CIVIL ACTION NO. L-07-837

WARDEN       :
        Defendant

**MEMORANDUM**

This is a 42 U.S.C. § 1983 civil rights action. The plaintiff, Farrakhan Bey ("Bey"), is a Maryland Division of Corrections inmate. In a bare and conclusory complaint, Bey claims that prison officials misappropriated the money he designated to pay his federal court civil filing fees.[1] As relief, he seeks a mandate from this Court ordering (i) the criminal prosecution of those who took the money and (ii) the return of the money. For the reasons stated herein, the Court will, by separate Order, DISMISS the complaint.[2]

**I.   Bey's Request for Criminal Prosecution**

Bey first seeks the criminal prosecution of prison officials who allegedly misappropriated money from his prison account. An alleged crime victim has no constitutional right to insist on criminal prosecution. See Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir.1988). Accordingly, the Court will DISMISS this portion of Bey's complaint WITH PREJUDICE. The Court reminds Bey that he may be assessed a "strike" under the Prison Litigation Reform Act ("PLRA") if he persists

---

[1] In his complaint, Bey references Lawyers Title Insurance Corp. V. Maryland Settlement Services, Inc,, Civil Action No. RWT-04-2655 (D. Md. 2004), assigned to the Honorable Roger W. Titus. Bey is not a litigant in that case.

[2] Although Bey fails to submit a motion and affidavit to support the waiver of the full filing fee, the Court is aware of Bey's financial status and will grant leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

in filing frivolous complaints.[3]

## II.     Bey's Request for the Return of the Money

Bey next seeks the return of the money allegedly misappropriated by prison staff. The PLRA requires prisoners to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Bey has not shown that he exhausted his claim through the Administrative Remedy Procedure ("ARP") process available to Maryland prisoners. Accordingly, the Court DISMISSES this claim WITHOUT PREJUDICE to refiling.

## III.    Conclusion

For the foregoing reasons, the Court will, by separate Order:

---

[3]   See 28 U.S.C. § 1915(g), which provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has two "strikes" pending. See Bey v. Warden, Civil Action No. L-02-229 (D. Md. 2002), dismissed as frivolous on January 29, 2002, and Bey v. Warden, Civil Action No. L-02-3659 (D. Md. 2002), dismissed as frivolous on November 18, 2002.

(i) GRANT Bey leave to file *in forma pauperis*,

(ii) DISMISS Bey's request for criminal prosecution WITH PREJUDICE,

(iii) DISMISS Bey's request for the return of the money WITHOUT PREJUDICE,

(iv) DIRECT the Clerk to CLOSE this case, and

(v) DIRECT the Clerk to MAIL a copy of the Memorandum and Order to Bey.

Dated this 9th day of May, 2007.

/s/
Benson Everett Legg
Chief Judge